O

# United States District Court
# Central District of California

JOEL SOILEAU,

Plaintiff,

v.

SPACE EXPLORATION TECHNOLOGIES CORP.,

Defendant.

Case Nos. 2:26-cv-05626-ODW (Ex)
2:26-cv-06295-ODW (Ex)

**OMNIBUS ORDER GRANTING DEFENDANT'S MOTIONS TO STRIKE; DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS AND PRELIMINARY INJUNCTION; AND DENYING DEFENDANT'S EX PARTE REQUESTS TO STAY**

## I. INTRODUCTION

Defendant Space Exploration Technologies Corp. ("SpaceX") moves pursuant to California's anti-SLAPP ("strategic lawsuits against public participation") law to strike and dismiss Plaintiff Joel Soileau's third and fourth civil actions against SpaceX.[1] (Mot. Strike S3, Dkt. No. 15; Mot Strike S4, Dkt. No. 17.) Soileau moves for sanctions against SpaceX and seeks a preliminary injunction preventing SpaceX

[1] This order involves four civil actions Soileau has filed against SpaceX: (1) "***Soileau One***" or "S1"—*Soileau v. Space Exploration Techs. Inc.*, Case No. 2:24-cv-06397-ODW (Ex), (C.D. Cal.); (2) "***Soileau Two***" or "S2"—*Soileau v. Space Exploration Techs. Inc.*, Case No. 24STLC04505 (Cal. Super. Ct.); (3) "***Soileau Three***" or "S3"—*Soileau v. Space Exploration Techs. Inc.*, Case No. 2:26-cv-05626-ODW (Ex) (C.D. Cal.); and (4) "***Soileau Four***" or "S4"—*Soileau v. Space Exploration Techs. Inc.*, Case No. 2:26-cv-06295-ODW (Ex) (C.D. Cal.). Judgment has been entered in both *Soileau One* and *Soileau Two*. This order resolves *Soileau Three* and *Soileau Four*.

from accessing Soileau's public court filings in other cases. (Pl. Mot. Sanctions S3, Dkt. No. 25; Pl. Mot. Sanctions S4, Dkt. No. 29; Pl. Mot Prelim. Inj. S3, Dkt. No. 34.) For the reasons that follow, the Court **GRANTS** SpaceX's Motions to Strike and **DENIES** Soileau's Motions for Sanctions and Preliminary Injunction.[2]

## II. BACKGROUND

SpaceX employed Soileau to support SpaceX's maritime operations until terminating his employment in May 2023. (Decl. Leilani E. Jones ISO Removal S4 Ex. 1 ("Compl. S4") ¶¶ 1, 15, Dkt. No. 3-1.) This Court previously found that SpaceX employed Soileau at its facility in Cape Canaveral, Florida. (Def.'s Request Judicial Notice ISO Mot. Strike S4 ("RJN S4") Ex. 4 ("Order Grant Compel S1") 2, Dkt. Nos. 17-2, 17-6.) Soileau claims that SpaceX's Cape Canaveral facility is "non-existent" and "fictitious." (Compl. S4 ¶¶ 47–48.) He asserts that he "was employed as a remote California employee working in the special maritime and territorial jurisdiction of the United States." (*Id.* ¶ 35.)

Immediately after his termination, Soileau filed administrative charges against SpaceX with the United States Equal Employment Opportunity Commission ("EEOC") Los Angeles District Office and the California Civil Rights Department ("CRD"). (*Id.* ¶¶ 17, 19–20.) According to Soileau, SpaceX notified the EEOC and CRD that Soileau worked at a facility in Florida, not California. (*Id.* ¶¶ 28, 32.) The CRD and EEOC closed the investigations without determinations. (*Id.* ¶¶ 22, 60.)

In September 2023, Soileau filed an unemployment insurance claim with the California Employment Development Department ("EDD"). (*Id.* ¶ 37.) According to Soileau, SpaceX "fraudulently reported" his employment to the state of Florida, not to California, and Soileau was unable to collect unemployment benefits from California. (*Id.* ¶¶ 37–43.)

---

[2] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

### *A. Soileau One*

On June 20, 2024, Soileau filed the first of four civil actions against SpaceX in California Superior Court, *Soileau One*. (*Id.* ¶ 63; RJN S4 Ex. 1 ("Compl. S1"), Dkt. No. 17-3.) In *Soileau One*, Soileau asserted one cause of action for "Intentional Tort," alleging that SpaceX obstructed his administrative investigations by informing the EEOC and CRD that Soileau was not a California employee. (Compl. S1 ¶¶ 1, 9–11.) SpaceX removed *Soileau One* to federal court, (Compl. S4 ¶ 86), and moved to compel Soileau to arbitrate the dispute based on an employment arbitration agreement, (Order Grant Compel S1 at 3). On December 4, 2024, the Court granted SpaceX's motion and compelled the parties to arbitrate Soileau's claim pursuant to the arbitration agreement. (*Id.* at 7–11.)

### *B. Soileau Two*

On June 24, 2024, Soileau filed a second civil action against SpaceX in California Superior Court, *Soileau Two*. (RJN S4 Ex. 2 ("Compl. S2"), Dkt. No. 17-4.) In *Soileau Two*, Soileau again asserted a single cause of action for "Intentional Tort," alleging that SpaceX failed to report his employment to the EDD. (*Id.* ¶¶ 7–12.) SpaceX moved to compel Soileau to arbitrate this dispute based on the same arbitration agreement and, on January 8, 2025, the Superior Court granted SpaceX's motion. (RJN S4 Ex. 5 ("Order Compel Arb. S2"), Dkt. No. 17-7.)

### C. Arbitration

On January 3, 2025, and February 10, 2025, Soileau filed two separate arbitration demands with JAMS Los Angeles. (RJN S4 Exs. 6–7 ("Demands for Arb."), Dkt. Nos. 17-8 to 17-9.) JAMS consolidated the two proceedings and venued them in Florida, over Soileau's objections. (Compl. S4 ¶¶ 177–78, 186; RJN S4 Ex. 8 ("JAMS Consol. Order"), Dkt. No. 17-10.) On August 6, 2025, the arbitrator issued a Final Award in favor of SpaceX, dismissing Soileau's arbitration demands with prejudice. (Compl. S4 ¶ 277.)

SpaceX sought to confirm the arbitration award in *Soileau One* and *Soileau Two* in the respective courts. (RJN S4 Exs. 9 ("Pet. Confirm S2"), 11 ("J. S1"), Dkt. Nos. 17-11, 17-13.) On April 17, 2026, this Court confirmed the arbitration award in *Soileau One* and entered judgment for SpaceX. (J. S1.) On April 20, 2026, the Superior Court confirmed the arbitration award in *Soileau Two* and entered judgment for SpaceX. (RJN S4 Ex. 12 ("J. S2"), Dkt. No. 17-14.)

***D. Soileau Three***

The next day, on April 21, 2026, Soileau filed a third civil action against SpaceX in California Superior Court, *Soileau Three*. (Decl. Leilani E. Jones ISO Removal Ex. 1 ("Compl. S3"), Dkt. No. 1-2.) In *Soileau Three*, Soileau asserts claims for identity theft, breach of the covenant of good faith and fair dealing, promissory fraud, conversion, and sexual harassment. (Compl. S3 ¶¶ 1, 329–441.) He premises these claims on the same facts as the first two actions and adds allegations involving SpaceX's "undue influence over JAMS," the positions SpaceX took during arbitration and litigation, and conversion of Soileau's right to a civil judgment to itself. (*See, e.g.*, *id.* ¶ 1.) SpaceX removed *Soileau Three* to federal court.

***E. Soileau Four***

On May 6, 2026, Soileau filed a fourth civil action against SpaceX in California Superior Court, *Soileau Four*. (Compl. S4.) In *Soileau Four*, Soileau asserts claims for denial of rights under California Civil Code section 52, wrongful discharge in violation of public policy, human trafficking in violation of California Civil Code section 52.5, and false imprisonment. (*Id.* ¶¶ 1, 321–87.) As with *Soileau Three*, Soileau premises each of these claims on the same facts as the first two suits and adds allegations about SpaceX's positions and conduct during the arbitration and litigation proceedings. (*See, e.g.*, *id.* ¶ 1.) SpaceX removed *Soileau Four* to federal court, as well.

### F. Instant Motions[3]

This Court and the California Superior Court have entered final judgment in *Soileau One* and *Soileau Two*, respectively, and those cases are finally resolved. Thus, only two actions are live: *Soileau Three* and *Soileau Four*. SpaceX moves in both actions to strike and dismiss Soileau's claims pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, arguing all claims arise out of protected petitioning activity and Soileau has no reasonable probability of prevailing, (*see* Mot. Strike S3; Mot. Strike S4).[4]

Additionally, Soileau moves in *Soileau Three* and *Soileau Four* to sanction SpaceX, pursuant to Federal Rule of Civil Procedure ("Rule") 11, for referencing state court proceedings that Soileau initiated seeking civil harassment restraining orders against SpaceX personnel, outside counsel, and law firm staff. (Pl. Mot. Sanctions S3 at 2; Pl. Mot. Sanctions S4 at 2.) Finally, Soileau moves for a preliminary injunction to prevent SpaceX from "acquiring, possessing, or using any and all court records where [Soileau] is a party and [SpaceX] is not a party." (Pl. Mot. Prelim Inj. S3 at 2.)

## III. DEFENDANT'S MOTIONS TO STRIKE

California's anti-SLAPP statute allows a defendant to make a special motion to strike a "cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). Although it is a state procedural

---

[3] In *Soileau Three*, SpaceX moves to declare Soileau a vexatious litigant. (Mot. Vexatious S3, Dkt. No. 21.) The Court addresses that motion in a separate order.

[4] In connection with these motions, SpaceX requests judicial notice of thirteen court filings and a public website. (RJN S3, Dkt. No. 15-2; RJN S4.) Soileau objects on numerous grounds, none meritorious. (Obj. RJN S3, Dkt. No. 22; Obj. RJN S4, Dkt. No. 21.) The Court may take judicial notice of court filings and other "matters of public record" that are not "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting judicial notice of proceedings in other courts is proper "if those proceedings have a direct relation to matters at issue"); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (noting that courts may take judicial notice of "what was in the public realm at the time"). As such, SpaceX's requests for judicial notice are **GRANTED**.

rule, the Ninth Circuit has held that section 425.16(b)'s procedures may be used to dismiss state law claims pending in federal court. *Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (concluding that the twin aims of the *Erie* doctrine "favor application of California's Anti-SLAPP statute in federal cases").

Anti-SLAPP motions are evaluated under a two-step procedure. *Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1119 (9th Cir. 2017). First, the defendant must show that "the challenged cause of action arises from activity taken in furtherance of the defendant's right to petition or free speech." *Id.* (citation modified). "If so, the burden shifts to the plaintiff to show 'a [reasonable] probability of prevailing on the challenged claims.'" *Id.* (alteration in original) (quoting *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010)). "Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning and lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002) (emphasis omitted).

**A. Protected Activity**

SpaceX contends that Soileau's claims all arise from activity taken in furtherance of SpaceX right to petition. (Mot. Strike S3 at 8; Mot. Strike S4 at 8.)

"Statements made in ligation, or in connection with litigation, are protected by the anti-SLAPP statute." *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999). This includes "any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law," and "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Civ. Pro. Code § 425.16(e)(1)–(2). "Such statements have regularly been held to include those made in the course of administrative proceedings." *Delman v. GEP Cencast, LLC*, No. 2:09-cv-02721-PSG (CWx), 2010 WL 11515278, at *4 (C.D. Cal. Feb. 8, 2010) (collecting cases and finding communication with EEOC protected). "In the

anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech." *Century 21 Chamberlain & Assocs. v. Haberman*, 173 Cal. App. 4th 1, 7 (2009).

*1.* Soileau Three

In *Soileau Three*, Soileau asserts causes of action for identity theft, breach of the covenant of good faith and fair dealing, promissory fraud, conversion, and sexual harassment. (Compl. S3 ¶¶ 329–441.) Each arises in connection with SpaceX's statements made before and in connection with an issue under consideration by an "official proceeding authorized by law." *See* Cal Code Civ Proc § 425.16(e)(1)–(2).

To support his identity theft claim, Soileau alleges that SpaceX used his employment data to defraud courts and obstruct government investigations, compelled arbitration to obstruct his recovery of his data, and obtained Soileau's data through court records and government investigations. (Compl. S3 ¶¶ 329–53.) Soileau concedes in his opposition that "all facts" underlying this claim arise from the EEOC investigation or Soileau's civil litigation. (Opp'n Mot. Strike S3 at 20, Dkt. No. 23.) The identity theft claim thus arises from SpaceX's protected petitioning activity in the administrative proceedings and civil litigation.

Similarly, with respect to the breach of covenant claim, Soileau alleges that SpaceX breached the arbitration agreement by obtaining court orders compelling him into arbitration, influencing JAMS to rule against him, and obstructing court orders. (Compl. S3 ¶¶ 356–62.) He concedes that he rests this claim at least in part on the civil litigations. (Opp'n Mot. Strike S3 at 21.) Although Soileau also bases this claim on SpaceX's conduct during arbitration, which is not protected, a mixed claim like this is still entitled to protection because "at least one of the underlying acts," i.e., obtaining court orders, "is protected conduct." *Salma v. Capon*, 161 Cal. App. 4th 1275, 1287 (2008). The breach of covenant claim thus arises from SpaceX's protected petitioning activity.

For the promissory fraud claim, Soileau appears to allege that SpaceX promised things in the arbitration agreement and then confirmed an arbitration award and obtained judgments against him in contravention of those promises. (Compl. S3 ¶¶ 372–411.) For the conversion claim, Soileau asserts that SpaceX "converted" his right to prevail in the investigations, litigation, and arbitration into SpaceX's confirmed arbitration award and final judgments. (*Id.* ¶¶ 412–28; Opp'n Mot. Strike S3 at 23.) And for the sexual harassment claim, Soileau alleges that SpaceX compelled arbitration of a matter concerning sexual harassment in "defiance of United States law." (Opp'n Mot. Strike S3 at 24; Compl. S3 ¶¶ 429–41.) Each claim is premised on SpaceX obtaining court orders compelling arbitration and confirming the arbitration award. Thus, as with the claims discussed above, the promissory fraud, conversion, and sexual harassment claims arise from SpaceX's protected activity in the civil litigation.

Each of Soileau's claims in *Soileau Three* arise from SpaceX's statements to government agencies, litigation filings and defenses, motion to compel arbitration, and efforts to obtain and confirm an arbitration award. SpaceX made these statements before and in connection with matters under review by "an official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e)(1)–(2). Thus, Soileau's claims arise from SpaceX's actions in furtherance of its right of petition and are covered by the anti-SLAPP statute.

*2.* Soileau Four

In *Soileau Four*, Soileau asserts causes of action for denial of rights under California Civil Code section 52, wrongful discharge in violation of public policy, human trafficking, and false imprisonment. (Compl. S4 ¶¶ 321–87.) As with *Soileau Three*, each claim in *Soileau Four* arises in connection with SpaceX's statements made before and in connection with an issue under consideration by an "official proceeding authorized by law." Cal Code Civ Proc § 425.16(e)(1)–(2).

For the denial of rights claim, Soileau alleges SpaceX denied his rights by obstructing the CRD and EEOC administrative investigations when it told them Soileau was not a California employee. (Compl. S4 ¶¶ 321–28.) Soileau states plainly in opposition that all the facts supporting his denial of rights claim were part of the EEOC investigation or Soileau's civil litigation. (Opp'n Mot. Strike S4 at 20–21, Dkt. No. 23.) For the wrongful discharge claim, Soileau asserts that SpaceX discharged him as a means of forcing him into court. (Compl. S4 ¶¶ 332; Opp'n Mot. Strike S4 at 21 (stating that all facts supporting the wrongful termination claim were part of the EEOC investigation or Soileau's civil litigation).) For the human trafficking claim, Soileau alleges that SpaceX "trafficked" him by removing his state court complaint to federal court, and then "trafficked" him again by compelling him to arbitrate his claims in Florida. (Compl. S4 ¶¶ 353–56.) Similarly, for the false imprisonment claim, Soileau asserts that SpaceX detained him by obtaining court orders compelling him to arbitration in Florida. (*Id.* ¶¶ 371–73, 378–79 ("Defendant abused a Superior Court of California order to force plaintiff into a 'simulated legal process' in Florida.").)

As with *Soileau Three*, each of Soileau's claims in *Soileau Four* relies on allegations of SpaceX's statements to government agencies, litigation filings and defenses, motions to compel arbitration, and efforts to obtain and confirm the arbitration award. As SpaceX made these statements before and in connection with matters under review by "an official proceeding authorized by law," Cal. Civ. Proc. Code § 425.16(e)(1), (2), they constitute actions in furtherance of SpaceX's right of petition and are covered by the anti-SLAPP statute.

Thus, all of Soileau's claims in *Soileau Three* and *Soileau Four* arise from SpaceX's protected petitioning activity.

**B. Reasonable Probability of Prevailing**

The burden now shifts to Soileau to demonstrate that "there is a probability that [he] will prevail on the claim[s]." Cal. Civ. Proc. Code § 425.26(b)(1). However,

Soileau cannot establish this probability because his claims are all barred by California's litigation privilege.

California's litigation privilege applies to any publication or broadcast made in a legislative, judicial, or "any other official proceeding authorized by law." Cal. Civ. Code § 47(b). "The breadth of the litigation privilege cannot be understated." *Olsen v. Harbison*, 191 Cal. App. 4th 325, 333 (2010). This privilege extends to "any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990) (citation omitted). It even extends to "any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Id.* Additionally, the privilege extends to quasi-judicial proceedings such as private commercial arbitration, *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 264 (9th Cir. 2013), and encompasses steps taken prior to and following the proceedings that have some connection or logical relation to the action, *Schrader Cellars, LLC v. Roach*, 129 F.4th 1115, 1125–26 (9th Cir. 2025). "[A]ny doubt as to whether the privilege applies is resolved in favor of applying it." *Morales v. Coop. of Am. Physicians, Inc.*, 180 F.3d 1060, 1062 (9th Cir. 1999).

For the same reasons that Soileau's claims arise from actions in furtherance of SpaceX's right of petition under the anti-SLAPP statute, they also come within the scope of California's broad litigation privilege. *See Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1263 (2008) ("[T]he two statutes serve similar policy interests."). The Court has no doubts that the privilege applies to each of Soileau's claims in *Soileau Three* and *Soileau Four* and would nonetheless resolve any doubts in favor of applying the privilege. *Morales*, 180 F.3d at 1062. Thus, Soileau cannot establish a probability of prevailing because his claims are barred by California's litigation privilege. In light of this conclusion, the Court declines to reach SpaceX's additional grounds to defeat Soileau's claims. (Mot. Strike S3 at 12; Mot. Strike S4 at 11–12.)

In sum, all of Soileau's claims in *Soileau Three* and *Soileau Four* arise from SpaceX's protected petitioning activity and are barred by California's litigation privilege. As such, the Court **GRANTS** SpaceX's Motions to Strike and **STRIKES** each cause of action in both cases pursuant to the anti-SLAPP statute.

### C. Attorneys' Fees

Where, as here, an anti-SLAPP motion succeeds, the defendant is entitled to attorney's fees and costs. *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1140 (9th Cir. 2022) (citing Cal. Civ. Pro. Code § 425.16(c)). While an award of attorneys' fees to a prevailing anti-SLAPP defendant is mandatory, the amount of such fees lies within the court's discretion and is determined based on the reasonableness of the hours expended. *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002).

In *Soileau Three*, SpaceX requests $13,250 in fees for bringing the anti-SLAPP motion, preparing the reply, and appearing at the hearing. (Mot. Strike S3 at 21–22.) In *Soileau Four*, SpaceX requests $5,525 in fees for bringing the anti-SLAPP motion, preparing the reply, and appearing at the hearing. (Mot. Strike S4 at 21–22.) These figures do not include any time spent on the motions to dismiss and are supported by adequate declaration testimony. (Decl. Scott O. Luskin ISO Mot. Strike S3 ¶ 5, Dkt. No. 15-1; Decl. Scott O. Luskin ISO Mot. Strike S4 ¶ 5, Dkt. No. 17-1.) As the Court did not hold a hearing on these motions, it deducts the time counsel anticipated to prepare for and attend the hearing.[5] The rest of the hours were reasonably expended, and the Court finds the hourly rates reasonable. Therefore, the Court awards **$11,230** in fees in *Soileau Three*, and **$4,425** in fees in *Soileau Four*.

### D. Conclusion—Motions to Strike

Finding the anti-SLAPP motions meritorious, the Court **GRANTS** SpaceX's Motions to Strike and **STRIKES** each cause of action alleged in *Soileau Three* and *Soileau Four*. The Court **AWARDS** SpaceX its attorneys' fees incurred in

[5] The Court deducts 1.5 hours from Scott Luskin's and 2.5 hours from Karen Kirollos's anticipated additional time in *Soileau Three*. The Court deducts one hour each from Luskin's and Kirollos's anticipated additional time in *Soileau Four*.

successfully bringing the anti-SLAPP motions, in the amount of **$11,230** in *Soileau Three* and **$4,425** in *Soileau Four*.

## IV. PLAINTIFF'S MOTIONS

Soileau moves in *Soileau Three* and *Soileau Four* to sanction SpaceX under Rule 11 for referencing state court proceedings that Soileau initiated, now dismissed, in which he sought civil harassment restraining orders against SpaceX personnel, outside counsel, and law firm staff. (Pl. Mot. Sanctions S3 at 2; Pl. Mot. Sanctions S4 at 2.) Additionally, Soileau moves for a preliminary injunction to prevent SpaceX from "acquiring, possessing, or using any and all court records where [Soileau] is a party and [SpaceX] is not a party." (Pl. Mot. Prelim Inj. S3 at 2.)

Soileau's motions are premised on the mistaken belief that his publicly filed court cases are somehow "private," and the filings his private property. (Pl. Mot. Sanctions S3 at 3; Pl. Mot. Sanctions S4 at 3; Pl. Mem. ISO Mot. Prelim. Inj. S3 at 6, Dkt. No. 35.) However, publicly filed legal actions are generally not "private," nor do the filings therein constitute private property of the claimants. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records."). Soileau has no valid grounds to seek sanctions against SpaceX for referencing public court documents or to enjoin it from doing so. The motions for sanctions and the motion for a preliminary injunction fail on this basis alone.

Beyond his fundamental misconception regarding public access to court records, Soileau's motions also fail on additional grounds. In the motions for sanctions, Soileau asserts that SpaceX's "choice to include personal and private matters is clearly intended for the purpose of threats, intimidation, and harassment."[6]

[6] Soileau's claims of threats and intimidation are absurd and nonsensical. For instance, one of the statements that Soileau describes as "threatening, harassing, and menacing" is the following, from SpaceX's anti-SLAPP motions: "Soileau also filed several civil restraining orders in family court against SpaceX personnel, SpaceX outside counsel, and law firm staff, most of which have been dismissed while one is pending a hearing." (Mot. Strike S3 at 1 n.9; Mot. Strike S4 at 1 n.9.) SpaceX's sanitized and objective factual statement in no way harasses or menaces Soileau.

(Pl. Mot. Sanctions S3 at 2; Pl. Mot. Sanctions S4 at 2.) However, beyond this single conclusory assertion, Soileau points to nothing that would support imposing Rule 11 sanctions. *See Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344–45 (9th Cir. 1988) (noting that Rule 11 sanctions are "an extraordinary remedy" reserved for "the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose"). And as the motion for a preliminary injunction is wholly premised on the same faulty foundation, Soileau can show no likelihood of success on the merits, irreparable harm, or a balance of equities in his favor. (*See generally* Mem. ISO Pl. Mot. Prelim. Inj. 13–21); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (requiring a plaintiff to establish these factors to obtain injunctive relief).

Accordingly, the Court **DENIES** Soileau's motions for sanctions in *Soileau Three* and *Soileau Four*, and **DENIES** Soileau's motion for a preliminary injunction in *Soileau Three*.

## V. CONCLUSION

For the reasons discussed above, the Court rules as follows.

In *Soileau Three*, No. 2:26-cv-05626-ODW (Ex), the Court **GRANTS** SpaceX's Motion to Strike, (Dkt. No. 15), and **STRIKES** each cause of action alleged pursuant to the anti-SLAPP statute. The Court **AWARDS** SpaceX its attorneys' fees incurred in successfully bringing the anti-SLAPP motion, in the amount of **$11,230**. The Court **DENIES** Soileau's Motion for Sanctions and Motion for a Preliminary Injunction. (Dkt. Nos. 25, 34.) In light of this resolution, the Court **DENIES** SpaceX's Ex Parte Application to Stay **AS MOOT**. (Def. Ex Parte Appl. S3, Dkt. No. 55.)

In *Soileau Four*, No. 2:26-cv-06295-ODW (Ex), the Court **GRANTS** SpaceX's Motion to Strike, (Dkt. No. 17), and **STRIKES** each cause of action alleged pursuant to the anti-SLAPP statute. The Court **AWARDS** SpaceX its attorneys' fees incurred in successfully bringing the anti-SLAPP motion, in the amount of **$4,425**. The Court

**DENIES** Soileau's Motion for Sanctions. (Dkt. No. 29.) Finally, in light of this resolution, the Court **DENIES** SpaceX's Ex Parte Application to Stay **AS MOOT**. (Def. Ex Parte Appl. S4, Dkt. No. 47.)

**IT IS SO ORDERED.**

September 4, 2026

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**